O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIO ABERNATHY,                     )      CASE NO. SA CV 10-00381 MMM (RZ)
                                     )
                      Petitioner,    )
                                     )      ORDER TO SHOW CAUSE
            vs.                      )
                                     )
T. MENDOZA, et al.,                  )
                                     )
                      Respondents.   )
_____)

        In this habeas corpus action, Mario Abernathy challenges conditions of his parole.  Because it appears from the face of the petition that he has not yet exhausted all of his claims in the California Supreme Court, the Court issues this Order To Show Cause.

        As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Indeed, Congress has instructed that a habeas petition brought by a person in state custody shall not be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1) (emphasis added).  Under some circumstances, an unexhausted petition may

be *denied* on the merits.  28 U.S.C. § 2254(b)(2).  In the usual case, however, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice.  *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (reversing, as erroneous, district court's dismissal of unexhausted claim *with prejudice*).

To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  In the state proceeding, the petitioner must describe both the operative facts and the federal legal theory underlying his claim.  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).  The Ninth Circuit has held, however, that *pro se* petitions are held to a more lenient standard for purposes of exhaustion than are counseled petitions.  *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003).

Here, Petitioner alleges that his most recent parole-related hearing was "[o]n or about February 29, 2010 [*sic*]," and that, although some of the parole-conditions challenges were upheld by the hearing officer, others were not.  The petition bears a signature date of only one month later, March 30.  Petitioner makes no mention of having presented his current claims to the California Supreme Court and having obtained that court's ruling before commencing this action.  Moreover, a public-records search of the California Supreme Court's docket reveals no recent actions by Petitioner in the pertinent time frame.  It thus appears that Petitioner has failed to exhaust his claims.

///
///
///
///
///

1         Accordingly, IT IS ORDERED that, within 30 days, Petitioner shall show

2    cause in writing why this action should not be dismissed for failure to exhaust state

3    remedies.

4         IT IS SO ORDERED.

5

6         DATED:    April 14, 2010

7

8    _____

9                   RALPH ZAREFSKY
            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28